Iva DEPOY, Appellant,

v.

Martin HAUGHT, Josephine Haught, Robert Haught and Mrs. Robert Haught, Respondents.

No. 23881.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1963.

Dale, Potter & Flynn, Whitney W. Potter, St. Joseph, for appellant.

Pettijohn & Eiser, Oregon, for respondents.

CROSS, Judge.

Plaintiff brought this suit in June, 1962, by filing a petition consisting of two counts in which she complains that defendants wrongfully obstructed her private driveway, and thereby deprived her of its use as a means of ingress to and egress from her property. The petition prays the award of damages in the sum of $2000.00 for her alleged legal injury and for injunctive relief.

The only responsive pleading filed by defendants was a motion to dismiss plaintiff's petition on the ground that it failed to state a cause of action. This motion was filed in July, 1962.

In December, 1962, by leave of court, plaintiff's original counsel withdrew as her attorney and plaintiff was duly notified of the attorney's action.

Thereafter, in February, 1963, and at a time when plaintiff was unrepresented by counsel of record, the trial court sustained defendants' motion to dismiss plaintiff's petition and entered a judgment dismissing the cause. Subsequently plaintiff's present counsel entered the case on her behalf and perfected this appeal from the judgment. Defendants have filed no briefs or appeared in this court.

■ From statements contained in appellant's brief and copies of correspondence incorporated in the transcript, which are not properly a part of the record, it might be inferred that the trial court intended to dismiss the cause for want of prosecution. However, this court cannot indulge in inference from matters dehors the record before it. The effect of the judgment and the scope of the appeal from it are limited by the plain and literal meaning of the trial court's judgment entry as it appears in the transcript.

■ The sole question here is whether the petition states a cause of action. We necessarily resolve the issue in plaintiff's favor inasmuch as the pleading clearly avers that she has suffered a legal wrong at the hands of defendants and contains a short and plain statement of the facts showing that the pleader is entitled to relief, together with a demand for judgment for the relief to which she deems herself entitled, all in compliance with the rules of civil procedure.

Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.